## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

LUIS FERNANDO HUEZO LOPEZ
654 Morton Street, Apt. 5
Washington D.C. 20010

     *Plaintiff,*

     v.                                    Civil Action No.: 21-2266

MOGOO, INC.
1017 Brentwood Road N.E.
Washington D.C. 20018

Serve: Essence Davis
        2356 24th Street N.E.
        Washington D.C. 20020

HAMEL BUILDERS, INC.
2520 Pennsylvania Avenue S.E.
Washington D.C. 20020

Serve: CT Corporation System
        1015 15th Street NW
        Suite 100
        Washington D.C. 20005

ENB, LTD
8702 Second Avenue
Silver Spring, Maryland 20910

Serve: Nicolas Bouyiouclis, President
        14301 Great Oak Lane
        Silver Spring, Maryland 20905

JOHN GIBBS JR. AKA JOHN GIBBS
514 Millwheel Street
Capitol Heights, Maryland 20743

JAMIE GIBBS
514 Millwheel Street
Capitol Heights, Maryland 20743

MARY GIBBS
514 Millwheel Street
Capitol Heights, Maryland 20743,

    *Defendants.*

## COMPLAINT

Plaintiff, Luis Fernando Huezo Lopez, ("Plaintiff" or "Lopez"), by and through his undersigned counsel, Suvita Melehy and Melehy & Associates LLC, hereby brings suit against Mogoo, Inc. ("Mogoo"), John Gibbs Jr. ("Gibbs Jr."), Mary Gibbs ("M. Gibbs"), Jamie Gibbs ("J. Gibbs"), Hamel Builders, Inc., ("Hamel"), and ENB, LTD ("ENB"). Hereinafter, "Defendants" shall refer collectively to all six Defendants in this case. The phrase "Mogoo Defendants" shall refer only to Mogoo, M. Gibbs, Gibbs Jr. and J. Gibbs.

Plaintiff brings suit against the Mogoo Defendants for violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("the FLSA"). Plaintiff brings suit against all Defendants for violations of District of Columbia Wage Payment and Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPCA"), and the District of Columbia Minimum Wage Revision Act, D.C. Code § 32-1001 *et. seq.* ("DCMWRA").

Plaintiff alleges as follows:

### THE PARTIES

1.    Plaintiff is an adult resident of the District of Columbia and was employed by the Mogoo Defendants from approximately December 2016 to sometime in early 2019, when he left for approximately one year and then again from around January 2020 to on or about February 11, 2021, when he resigned. During each period of employment with the Magoo Defendants, Plaintiff performed general labor functions on construction projects in the District of Columbia, including pouring concrete and doing excavation work.

2

2.      Mogoo is incorporated in the State of Maryland but at all relevant times was registered to do business in the District of Columbia as a foreign corporation. Mogoo also maintains an office in the District of Columbia where Plaintiff typically worked (located at 1017 Brentwood Road NE, Washington D.C. 20018). At all times relevant to the Complaint, Mogoo was a subcontractor of Hamel, and/or ENB and/or other general and intermediate-level subcontractors on construction projects located in the District of Columbia. Mogoo employed the Plaintiff within the meaning of the FLSA, the DCMWRA and the DCPCWL, on these construction projects because, through its owners, officers, and managers, it treated him as an employee, paid him his wages, supervised him, determined his rate, method and manner of pay, set his schedule, kept track of his hours, maintained his employment records, hired him and had the authority to discipline him and terminate his employment. Mogoo meets the definition of an "Enterprise Engaged in Commerce" under the FLSA (29 U.S.C. § 203(s)(1)(A)(i)), as it has: (1) employees engaged in commerce or the production of goods for commerce or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce; and (2) a gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

3.      Gibbs Jr. is an owner, Director and President of Mogoo. He was an employer of Plaintiff within the meaning of the FLSA, DCMWRA and the DCPCWL because: (1) he is an owner, Director and President of Mogoo; (2) he has operational control over Mogoo and is significantly involved in its operations; (3) he controlled the terms and conditions of Plaintiff's employment, including setting his work schedule, and determining Mogoo's compensation and pay practices as they pertain to Plaintiff; (4) he supervised Plaintiff on job sites, gave him assignments and instructed him in the performance of his work; and (5) he had the authority to

hire and fire Plaintiff and did in fact hire him. In addition, he was responsible (along with the other Mogoo Defendants) for the unlawful pay practices detailed herein.

4.      M. Gibbs is a Director and Vice President of Mogoo. She was an employer of Plaintiff within the meaning of the FLSA, DCMWRA and the DCPCWL because: (1) she is an officer (Director and the Vice President of Mogoo); (2) she has operational control over Mogoo and is significantly involved in its operations; (3) she controlled the terms and conditions of Plaintiff's employment, including setting his work schedule, and determining Mogoo's compensation and pay practices as they pertain to Plaintiff; (4) she maintained  employment records for Plaintiff; and (5) she had the ability to hire and fire Plaintiff. In addition, she was responsible (along with the other Mogoo Defendants) for the unlawful pay practices detailed herein. Specifically, M. Gibbs was in charge of payroll. On information and belief, she made decisions about how to pay Plaintiff and how many hours to pay him for. She also maintained Plaintiff's time and payroll records and signed his paychecks.

5.      J. Gibbs is a Director and Secretary of Mogoo and a manager. He was an employer of Plaintiff within the meaning of the FLSA, DCMWRA and the DCPCWL because: (1) he is a Director and Secretary of Mogoo; (2) he has operational control over Mogoo and is significantly involved in its operations; (3) he controlled the terms and conditions of Plaintiff's employment (either directly or through "Daniel," Mogoo's foreman) including setting his work schedule, determining his days off and approving leave; (4) he supervised Plaintiff on job sites, gave him assignments and instructed him in the performance of his work; and (5) he had the authority to hire and fire Plaintiff and discipline him. In addition, he was responsible (along with the other Mogoo Defendants) for the unlawful pay practices detailed herein.

6.      Hamel is a corporation organized under the laws of the State of Maryland. At all

4

times relevant to the Complaint, Hamel was licensed to do business in the District of Columbia as a foreign corporation and maintained an office in the District of Columbia at 2520 Pennsylvania Avenue S.E., Washington D.C. 20020. Hamel was the general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint, including but not limited to: (1) 4328 18th Street N.W.; and (2) 1474 Columbia Road, N.W. Hamel, either directly or through an intermediate contractor, hired Mogoo as a lower-tiered subcontractor on these, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on these, and other projects. Hamel is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

7.      ENB is a corporation organized under the laws of the State of Maryland but which does business in the District of Columbia as well as Maryland. ENB maintains its principal offices at 10518 Detrick Avenue, Kensington, Maryland 20895. ENB was the general contractor for several projects that Plaintiff worked on during the time period which is the subject of the Complaint, including but not limited to: 1400/1404 Wisconsin Avenue N.W., Washington D.C. ENB, directly or through an intermediate-level contractor, hired Mogoo as a lower-tiered subcontractor on this, and possibly other projects, and Mogoo in-turn employed Plaintiff directly to perform work on this, and possibly other projects. ENB is vicariously liable for the violations of the DCMWRA and the DCPCWL committed by the Mogoo Defendants pursuant to D.C. Code §§ 32-1012 (c) (this vicarious liability provision became effective on February 26, 2015) and 32-1303(5) (also effective February 26, 2015).

## JURISDICTION

8.     Plaintiff is asserting causes of action which arise under the DCMWRA and the DCPCWL from the start of his employment with the Mogoo Defendants (in or around December 2016) to the end of his employment on or about February 11, 2021. Plaintiff also has claims under the FLSA for unpaid overtime and minimum wages for the time he spent working for the Mogoo Defendants during the period beginning August 26, 2018 to the end of his employment with the Mogoo Defendants.

9.     The jurisdiction of this Court is based upon 28 U.S.C. § 1331 and 29 U.S.C. § 217. The Court has subject matter jurisdiction under § 1331, because Plaintiff's claims involve federal questions and the Court has pendant jurisdiction over the Plaintiff's District of Columbia law claims under 28 U.S.C. § 1367.

10.     This Court has *in personam* jurisdiction over Defendants because all of them conduct business in the District of Columbia.

## STATEMENT OF FACTS

11.     Gibbs Jr. is an owner, Director and President of Mogoo.

12.     J. Gibbs is a Director and Secretary of Mogoo and served as a manager during all or part of the time Plaintiff worked for Mogoo.

13.     M. Gibbs is a Director and Vice President of Mogoo.

14.     Gibbs Jr. hired Plaintiff to work for Mogoo and set his rate of pay.

15.     M. Gibbs signed Plaintiff's paychecks.

16.     At varying times while Plaintiff was employed by the Mogoo Defendants, Gibbs Jr. and J. Gibbs supervised him, assigned him work and gave him instructions in connection with his performance of his assigned tasks.

17.     Mogoo's employees crossed state lines from Maryland into the District of Columbia, or vice versa, in the performance of their duties on a regular basis during the period which is the subject of this Complaint.

18.     On some occasions during the time period which is the subject of this Complaint, Plaintiff cross state lines, from the District of Columbia into Maryland, or vice versa, in the course of performing his duties for Defendants.

19.     At all times relevant to this Complaint, Plaintiff was paid by the Mogoo Defendants on an hourly basis.

20.     Plaintiff's hourly rate ranged from approximately $15.84 per hour at the start of his employment to $16.84 per hour at the time he stopped working for the Mogoo Defendants.

21.     Plaintiff's primary duties were digging, pouring concrete, preparing areas for the pouring of concrete, mixing concrete, loading or unloading materials, or other, similar construction-related tasks.

22.      Plaintiff was never classified by the Mogoo Defendants as an employee who was "exempt" from the overtime and minimum wage provisions of the FLSA, the DCMWRA and the DCWPCL.

23.     At all relevant times, Plaintiff worked out of Mogoo's yard in the District of Columbia located at 1017 Brentwood Road NE, Washington D.C. 20018.

24.     During the entire time he worked for the Mogoo Defendants, Plaintiff regularly spent at least 50% of his time working for the Mogoo Defendants at job sites located within the District of Columbia or at the yard which is located in the District of Columbia.

25.     At all times relevant to this Complaint, Plaintiff regularly worked in excess of 40 hours per week for the Mogoo Defendants.

26.     In those weeks when Plaintiff worked over 40 hours, he typically worked between 41-60 hours of overtime.

27.     On some occasions, Plaintiff worked in excess of 60 hours per week for the Mogoo Defendants.

28.     The Mogoo Defendants maintain time records for the Plaintiff.

29.     The Mogoo Defendants did not pay Plaintiff an overtime premium for the hours he worked in excess of 40 in a work week. Instead, they paid him at his regular hourly rate for all of the work hours listed on his pay check.

30.     In many weeks, the Mogoo Defendants did not pay Plaintiff for all of his work hours.

31.     To conceal their violations of the overtime laws, in many pay periods the Mogoo Defendants issued Plaintiff two checks for each pay period. One check reported hours from 1 to 40 and the second check reported the hours in excess of 40.

32.     Hamel was the general or intermediate-level contractor on many of the projects that Plaintiff performed work on for Mogoo during the time period which is the subject of the Complaint.

33.     Specifically, Hamel was an intermediate or general contractor on the following jobs Plaintiff worked on: (1) 4328 18th Street N.W.; and (2) 1474 Columbia Road, N.W.

34.     Plaintiff worked on the job at 4328 18th Street N.W. for a period in excess of 2 months in 2017 or 2018.

35.     Plaintiff worked on the job at 1474 Columbia Road, N.W. for a period in excess of one year in 2017.

36.     The Mogoo Defendants are in exclusive possession of the records which would

identify the other construction projects Plaintiff worked on where Hamel was an intermediate or general contractor.

37.     Hamel contracted with Mogoo, directly or through an intermediate contractor, to perform work on these, and other, projects.

38.     Mogoo, as Hamel's subcontractor, then assigned Plaintiff to work on these jobs but did not pay him an overtime premium for any of his overtime hours (the hours over 40 that he worked in a workweek) as required by the FLSA and DCMWRA and in multiple weeks during the time period which is the subject of this Complaint, failed to pay him anything at all for some of his work hours (including straight-time hours and overtime hours) as required by the DCPCWL.

39.     ENB was the general or intermediate-level contractor on at least one of the projects that Plaintiff performed work on for Mogoo during the time period which is the subject of the Complaint: 1400/1404 Wisconsin Avenue N.W., Washington D.C.

40.     Plaintiff performed work on the 1400/1404 Wisconsin Avenue NW, Washington D.C. job during the period beginning in or around October 2017 to mid-2018.

41.     The Mogoo Defendants are in exclusive possession of records which would identify other construction projects Plaintiff worked on where ENB was the intermediate or general contractor.

42.     ENB contracted with Mogoo, directly or through an intermediate contractor, to perform work at 1400/1404 Wisconsin Avenue N.W., Washington D.C. and possibly other projects.

43.     Mogoo, as ENB's subcontractor, then assigned Plaintiff to work on the 1400/1404 Wisconsin Avenue N.W., Washington D.C. job (and possibly other jobs) but did not pay him an overtime premium for any of his overtime hours (the hours over 40 that he worked in a workweek)

as required by the FLSA and DCMWRA and in multiple weeks during the time period which is the subject of this Complaint, failed to pay him anything at all for some of his work hours (including straight-time hours and overtime hours) as required by the DCPCWL.

44.     There are other jobs Plaintiff worked on during the period December 2016 to February 11, 2021 for the Mogoo Defendants. Plaintiff has not identified the intermediate-level or general contractors on these jobs, but will do so using records which are in the exclusive possession of the Mogoo Defendants. Those jobs include, but are not limited to, the following:

    i.     2608 University PL, NW
    ii.    1400 Decatur St NW (Andromeda Transcultural Health)
    iii.   917 Sheridan Street NW
    iv.   919 Kennedy Street NW
    v.    232 Hamilton Street NW
    vi.   3032 Dent Place NW
    vii.  3210 Volta Place NW30
   viii.  331 15 St NE Washington D.C.

## TIMELY ASSERTION OF CLAIMS

13.     The applicable statute of limitations under the DCPCWL and the DCMWRA (which became effective on February 26, 2015), provides that an action, "must be commenced within 3 years after the cause of action accrued, or the last occurrence if the violation is continuous …" D.C. Code § 32-1308 (c)(1). On a continuing and ongoing basis from the beginning to the end of Plaintiff's initial and subsequent employment with the Mogoo Defendants, the Mogoo Defendants failed to pay Plaintiff an overtime premium. Plaintiff's initial period of employment with Mogoo ended in or about January 2019, that is when the last violation occurred. Therefore, as to this initial employment period (December 2016 to January 2019), because the violations were continuous, the statute of limitations under the DCPCWL and the DCMWRA will not run until January 2022. As to Plaintiff's subsequent employment with the Mogoo Defendants, which ended on February 11, 2021, because the violations were continuous the statute of limitations under the

DCPCWL and the DCMWRA will not run until February 11, 2024.

14.     Plaintiff has also asserted timely wage claims under the DCMWRA and DCPCWL for violations occurring from the start of his employment through February 11, 2021 for another reason: the statute of limitations for his claims under these statutes was tolled beginning on the start date of Plaintiff's employment with Mogoo, and each day thereafter, when, on a continuing basis, the Mogoo Defendants failed to comply with the notice provisions of D.C. Code § 32-1008 (c) and (d) (which became effective on February 26, 2015). Section 32-1008 (c) and (d) required Defendants, to provide written notice to Plaintiff of, *inter alia*, his overtime rate of pay and any exemption that applies to him. The Mogoo Defendants were required to comply with this written notice provision within 90 days after the statutory amendments took place – no later than May 27, 2015 and within 30 days of any change in that rate. *See* D.C. Code § 32-1008 (d)(1)(A). At no time during Plaintiff's employment with the Mogoo Defendants did they comply with the notice provisions by providing Plaintiff with written notice of his overtime rate of pay or any applicable exemption. Since the Mogoo Defendants failed to provide the required written notice to Plaintiff, the statute of limitations in § 32-1308 (c) was tolled as of the date Plaintiff commenced employment and for each day thereafter. This also means that Plaintiff has timely unpaid wage claims for following time frame: December 2016 to the end of Plaintiff's employment on February 11, 2021. *See* D.C. Code § 32-1008 (d)(3) ("The period prescribed in § 32-1308 (c), shall not begin until the employee is provided all itemized statements and written notice required by this section").

## COUNT I
## VIOLATIONS OF THE FLSA

45.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

46.     Plaintiff was engaged in commerce and/or handled goods that have been moved in commerce, and alternatively, Mogoo was an enterprise engaged in commerce.

47.     The Mogoo Defendants violated the FLSA by knowingly failing to pay Plaintiff an overtime premium for his overtime hours – *i.e.* one and one-half times his regular hourly rate for each hour over 40 that he worked during each workweek and by failing to pay Plaintiff anything at all, not even the federally mandated minimum wage, for some work hours.

48.     The actions of the Mogoo Defendants were willful as defined by the FLSA and were not undertaken in good faith and therefore, they are liable to Plaintiff for liquidated damages and the statute of limitations under the FLSA is extended to three years.

49.     The Mogoo Defendants are liable to Plaintiff under 29 U.S.C. § 216(b) of the FLSA, for his unpaid overtime premium compensation, unpaid minimum wages, plus an additional equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses.

50.     The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Mogoo Defendants.

**COUNT II**
**VIOLATIONS OF THE DCMWRA**

51.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

52.     At all times relevant to the Complaint, Plaintiff was an "employee" of the Mogoo Defendants within the meaning of D.C. Code § 32-1002 (2).

53.     At all times relevant to the Complaint, the Mogoo Defendants were each Plaintiff's "employer" within the meaning of D.C. Code § 32-1002 (3).

54.     The Mogoo Defendants violated the DCMWRA by failing to pay Plaintiff an overtime premium for the overtime hours he worked from December 2016 to the end of his employment.

55.     As a result of the violations of the DCMWRA by the Mogoo Defendants, they are liable for Plaintiff's unpaid wages from December 2016 to the end of his employment, liquidated damages equal to three times the unpaid overtime wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

56.     The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Mogoo Defendants.

## COUNT III
## VIOLATIONS OF THE DCPCWL

57.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

58.     At all times relevant to the Complaint, Plaintiff was an "employee" of each of the Mogoo Defendants within the meaning of D.C. Code § 32-1301 (2).

59.     At all times relevant to the Complaint, the Mogoo Defendants were each "employers" of Plaintiff within the meaning of D.C. Code § 32-1301 (1B).

60.     The Mogoo Defendants violated the DCPCWL by failing to pay Plaintiff anything at all for some of his hours of work (including straight-time hours and overtime hours) from in or around December 2016 to the end of his employment.

61.     As a result of the violations of the DCPCWL by the Mogoo Defendants, they are liable for Plaintiff's unpaid wages, liquidated damages equal to three times the unpaid overtime and straight-time wages and reasonable attorneys' fees and costs incurred in this action, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

62.     The precise amount owed to the Plaintiff by the Mogoo Defendants cannot be calculated because Plaintiff and his counsel do not possess all of Plaintiff's payroll records and/or Plaintiff's time records (to the extent said records exist and are accurate) which are in possession of the Mogoo Defendants.

**COUNT IV**
**VICARIOUS LIABILITY FOR VIOLATIONS OF THE DCMWRA AND THE DCPCWL**
**(Only as to Defendants Hamel and ENB)**

63.     Plaintiff re-alleges and incorporates herein the allegations contained in the paragraphs above.

64.     At all times relevant to this Complaint, Hamel was the general contractor on several jobs Plaintiff worked (including but not limited to (1) 4328 18th Street N.W.; and (2) 1474 Columbia Road, N.W.) where Mogoo was a subcontractor employing Plaintiff to perform construction work. Hamel is therefore vicariously liable, jointly and severally, for the violations of the DCMWRA and DCPCWL committed by the Mogoo Defendants, as to any construction projects Mogoo employed Plaintiff on where Hamel was the general or intermediate contractor, and where Mogoo failed to pay Plaintiff in accordance with the DCMWRA and the DCWPCL. *See* D.C. Code §§ 32-1012 (c) and 32-1303 (5).

65.     At all times relevant to this Complaint, ENB was a general or intermediate

contractor on the 1400/1404 Wisconsin Avenue NW, Washington D.C. job (and possibly other jobs) where Mogoo was a subcontractor employing Plaintiff to perform construction work. ENB is therefore vicariously liable, jointly and severally, for the violations of the DCMWRA and DCPCWL committed by the Mogoo Defendants, as to any construction projects Mogoo employed Plaintiff on where ENB was the general or intermediate contractor, and where Mogoo failed to pay Plaintiff in accordance with the DCMWRA and the DCWPCL. *See* D.C. Code §§ 32-1012 (c) and 32-1303 (5).

66.    As a result of the wage violations of the Mogoo Defendants for which Hamel and ENB, and other intermediate and general contractors, are jointly and severally liable, Plaintiff is entitled to his unpaid wages, liquidated damages equal to three times the amount of the unpaid wages and attorney's fees and cost, including attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

67.    The precise amount owed to the Plaintiff, which Hamel and ENB, and other intermediate and general contractors, are vicariously liable for under the DCMWRA and DCWPCL, cannot be calculated at this time because Plaintiff does not possess all of his payroll records and/or time records which are in possession of the Mogoo Defendants.

## RELIEF REQUESTED

Plaintiff requests the following relief:

A.    enter a judgment against the Mogoo Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the FLSA, in the amount of Plaintiff's unpaid and illegally withheld overtime wages, plus an amount equal to his unpaid overtime and minimum wages as liquidated damages, for violations occurring

between December 2016 and the end of Plaintiff's employment the Mogoo Defendants;

B.      enter a judgment against the Mogoo Defendants, jointly and severally, and in favor of Plaintiff, based on their violations of the DCMWRA and the DCPCWL, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages, plus an amount equal to three times the amount of unpaid overtime wages as liquidated damages, for violations occurring between December 2016 and the end of Plaintiff's employment the Mogoo Defendants;

C.      enter a judgment against Hamel and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCMWRA and the DCPCWL on any projects where Hamel was the general contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

D.      enter a judgment against ENB and in favor of Plaintiff, based on the Mogoo Defendants' violations of the DCMWRA and the DCPCWL on any projects where ENB was the general contractor, in the amount of Plaintiff's unpaid and illegally withheld overtime and straight-time wages and an equivalent amount equal to three times the unpaid overtime wages as liquidated damages;

E.      as to all Defendants, jointly and severally, award Plaintiff his costs incurred in this action and attorneys' fees at the Adjusted Laffey Matrix rate, the Legal Services Index Rate and/or the rates set forth in *Salazar ex rel. v. District of Columbia*, 809 F.3d 58 (D.C. Cir. 2015), as required by D.C. Code § 32-1308 (b)(1).

Respectfully submitted,

/s/Suvita Melehy
Suvita Melehy
DC Bar No.: 457435
MELEHY & ASSOCIATES LLC
8403 Colesville Road Suite 610
Silver Spring, Maryland 20910
ovmelehy@melehylaw.com
Telephone:      (301) 587-6364
Facsimile:      (301) 587-6308

*Attorneys for Plaintiff*